# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM EDGAR BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1199-D |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Commissioner issued a final decision denying William Bryant's (Plaintiff) applications for disability insurance benefits and supplemental security income under the Social Security Act, and Plaintiff, appearing pro se, seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Timothy D. DeGiusti referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court reverse and remand the Commissioner's decision.

I.   Administrative proceedings.

In his applications for benefits, Plaintiff alleged that his impairments became disabling in April 2010. AR 135-42. The Social Security Administration (SSA) denied Plaintiff's claims, and at his request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 39-69. In his June 2012 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 27. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 4-9, and Plaintiff now seeks review in this Court. Doc. 1.

II.  Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520 (b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a

residual functional capacity (RFC)[2] assessment at step four to determine what, if anything, Plaintiff can still do despite his impairments. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that he cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III. Plaintiff's claims.

Plaintiff, proceeding pro se, alleges that the ALJ gave no weight to Dr. Duhken Ahn's medical opinion. Doc. 16, at 4-5. The undersigned agrees, and has therefore elected not to address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

3

**IV. Analysis.**

**A. Standard for review.**

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade*, 985 F.2d at 1047 (citation omitted).

**B. The ALJ's relevant findings.**

The ALJ found that Plaintiff has severe "depression, degenerative disc disease, hypertension, and obesity." AR 20. He then found that with these severe impairments, Plaintiff has the RFC to, in relevant part, "understand, remember, and carry out simple, routine, and repetitive tasks" and "can respond appropriately to supervisors, co-workers, the general public, and usual work situations." *Id.* at 24. Finally, the ALJ found that Plaintiff cannot return to his past relevant work, but can perform work existing in significant numbers in the national economy. *Id.* at 25-26.

**C. The ALJ's assessment of Dr. Ahn's opinion.**

Under what is commonly referred to as the "treating physician rule," a treating physician's opinion is generally afforded greater weight than the

4

opinions from non-treating sources. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). In particular, a treating physician's opinion is entitled to "controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (citation omitted). If the ALJ believes that such an opinion is not entitled to "controlling weight," he must "make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons . . . for the weight assigned." *Id.* And, if the ALJ has grounds for rejecting the opinion, he must articulate those specific and legitimate reasons. *See Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

Dr. Ahn was Plaintiff's treating psychiatrist at Red Rock Behavioral Health Services, AR 366-90, and in February 2012, Dr. Ahn completed a Mental Medical Source Statement describing Plaintiff's mental limitations. *Id.* at 385-88. The ALJ summarized Dr. Ahn's opinion as stating that:

> [Plaintiff] was able to remember and carry out short simple instructions, with some moderate limitations as to remembering and carrying out detailed instructions, maintaining attention and concentration for extended periods of time, responding appropriately to changes in work setting, interacting with the public and the ability to work with others.

5

*Id.* at 22. The ALJ did not articulate what weight, if any, he gave Dr. Ahn's opinion. *Id.* at 18-27.

The Commissioner concedes that "Plaintiff has shown error" because the "ALJ considered Dr. Ahn's opinion but neglected to weigh it." Doc. 17, at 7-8. Nevertheless, the Commissioner argues that the error is "harmless" because the reasons the ALJ rejected Dr. Treva Graham's opinion would apply equally to Dr. Ahn's opinion. *Id.* The undersigned disagrees for two reasons.

First, Dr. Graham's opinion involved Plaintiff's *physical* limitations, AR 364-65, and the ALJ rejected it because Plaintiff: (1) continued to perform physical labor part-time and/or at his home; (2) had no new physical complaints in September 2011; and (3) had not had new x-rays or MRIs to support Dr. Graham's opinion. *Id.* at 25.³ Conversely, Dr. Ahn's opinion involved Plaintiff's *mental* limitations, and there is no evidence that Plaintiff's alleged part-time roofing or feeding of his personal animals involved a level of mental capacity that would conflict with Dr. Ahn's opinion.

Second, the ALJ only selectively considered Dr. Ahn's findings. That is, in addition to the moderate limitations the ALJ noted, Dr. Ahn also opined that Plaintiff has *marked limitations* in his ability to: (1) "perform activities

---

³ Plaintiff also challenges these findings, Doc. 16, at 3-4, 5-6. As noted above, the undersigned has elected not to address Plaintiff's remaining claims in light of the recommendation for reversal and remand.

6

within a schedule, maintain regular attendance, and be punctual within customary tolerances"; (2) "sustain an ordinary routine without special supervision"; (3) "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"; (4) "get along with co-workers or peers without distracting them or exhibiting behavioral extremes"; and (5) "maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness." *Id.* at 285-86. The ALJ ignored these findings, which directly conflict with the ALJ's assessment of Plaintiff's mental RFC, *id.* at 24, and suggest a significant impact on Plaintiff's ability to work. *See Chapo v. Astrue*, 682 F.3d 1285, 1290-91 (10th Cir. 2012) (noting that the psychologist's findings – that claimant showed a *marked* inability to work within a schedule, maintain regular attendance, complete a normal workday, get along with co-workers, and maintain socially appropriate behavior – showed that claimant had "limitations significantly affect[ing] her ability to work in many different respects").

It is well established that an ALJ may not "pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability[.]" *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). The portions of Dr. Ahn's opinion that the ALJ failed to mention are significantly probative, and the ALJ's failure to consider them is fatal. *See*

7

*Chapo*, 682 F.3d at 1291 (finding that the ALJ's mistreatment of the treating physician's opinion regarding plaintiff's marked limitations, which if correct suggested a significant impact on plaintiff's ability to work, "was erroneous" and "fatally undermined the basis of the ALJ's disposition").

When "a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of [an] administrative action . . . ." *Allen v. Barnhart*, 357 F. 1140, 1145 (10th Cir. 2004). That risk is present here. Determining whether the ALJ committed harmless error in failing to consider vital portions of Dr. Ahn's opinion, or assess it any weight, would require the undersigned to search the record, compare the medical evidence, and reach an independent conclusion regarding the weight Dr. Ahn's *full* opinion should be given. This is not the court's function. *See Sisco v. U.S. Dept. of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993) ("The role of this court under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the [Commissioner's] decision . . ., and not to reweigh the evidence or try the issues de novo."); *Saterlee v. Astrue*, 450 F. App'x 753, 756-57 (10th Cir. 2011) (rejecting the Commissioner's post hoc justifications regarding why the ALJ could have legitimately rejected the medical opinions, and noting that: "Disposition of this case on the [post hoc justifications] would entail an assessment and rejection of a treating

8

physician's medical opinion, a process governed by detailed regulations prescribing a structured analysis that has never been carried out—in particular by the ALJ.").

For both reasons, the undersigned declines to find harmless the ALJ's twofold error – selectively relying on Dr. Ahn's opinion and then failing to articulate the weight he gave it.

## V.  Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the court reverse and remand the Commissioner's decision.

The court advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by September 18, 2014 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court further advises Plaintiff that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 29th day of August, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE